## EXAMINATIONS OF MEDICAL STUDENTS.

Circuit Court of Hamilton County.

STATE OF OHIO, ON THE RELATION OF BENJAMIN GAINES, V. STATE MEDICAL BOARD OF OHIO ET AL.

Decided, June 5, 1909.

*Examinations of Applicants for Certificates to Practice Medicine and Surgery—Times and Places for Holding Such Examinations—Official Discretion—Mandamus—Pleading—99 O. L., 492.*

It is the duty of the state board of medical registration and examination to cause examinations for admission to the practice of medicine and surgery to be made in Cincinnati, Cleveland and Toledo, as well as in Columbus; but inasmuch as the act creating the board is silent as to the time when this shall be done and the duty of determining the dates and places of examinations devolves on the board in the first instance, a writ of mandamus will not be granted in the absence of a showing of an abuse of discretion on the part of the board with reference to the selection of times and places for the holding of such examinations.

*Sanford Brown,* for relator.

The relator in this case filed the following petition in this court praying for a writ of mandamus directed against the defendant board and its individual members:

The relator, Benjamin Gaines, is a resident of the city of Cincinnati, in the county of Hamilton and state of Ohio, and is a duly matriculated student of the Ohio Medical College of the University of Cincinnati, where he has been pursuing his studies for four years.

The relator has complied with all the rules of said college and university and with all the requirements of the law of Ohio relative to students of medicine and surgery, and is now entitled to enter upon his final examination for graduation from said college and university and for his professional degree, and to be examined for his certificate or license to practice medicine in this state, under the law of Ohio.

The defendant, the State Medical Board of Ohio, is an official body of this state, whose duty among other things is to hold examinations for certificates or licenses to practice medicine and surgery within this state of all proper applicants for such examinations; such examinations to be held in the cities of Cincinnati, Cleveland, Columbus and Toledo.

The individual defendants named herein are the duly constituted members of the board, the defendant August Ravogli, M. D., being the president of said board, residing in the city of Cincinnati, Ohio; the defendant S. M. Sherman, M. D., residing at Columbus, Ohio; the defendant E. J. Wilson, M. D., residing at Columbus, Ohio; the defendant H. H. Baxter, M. D., residing at Cleveland, Ohio; the defendant Thos. A. McCann, M. D., residing at Dayton, Ohio; the defendant James A. Duncan, M. D., residing at Toledo, Ohio; the defendant, J. M. Stephenson, M. D., residing at Chillicothe, Ohio; and the defendant, G. H. Matson, M. D., residing at Columbus, Ohio, being the secretary of said board.

Relator states that the defendant board and the individual defendants have fixed and prescribed, under the laws of Ohio, an examination to be held in the city of Columbus solely and exclusively on the 8th, 9th and 10th of June, 1909, and have so notified the relator and other medical students in the said city of Cincinnati and vicinity thereto, and have failed and refused to fix and prescribe such an examination under said law in the city of Cincinnati on such dates or any other date or dates reasonably near thereto and still fail and refuse so to do, although requested so to do by the relator and others entitled to such examination in the city of Cincinnati.

Relator states that said action on the part of the defendants will entail upon him and many other medicial students in the same situation with him in the city of Cincinnati and throughout the state of Ohio great vexation and expense, requiring the relator and them to journey to and from Columbus, Ohio, from great and unreasonable distances therefrom, and pass there several days in taking said examinations; that said action on the part of defendant is arbitrary and discriminating against the relator and others in the same situation with him under said

law; that an examination held at Cincinnati, Ohio, under said law at any other time or times than on said dates June 8th, 9th and 10th, 1909, or other date or dates reasonably near thereto, would be an unjustifiable discrimination and hardship against the relator and others in the same situation with him under said law of Ohio, in that it would require him and them to present themselves for such examinations long after the close of their medical college course, and is without legal justification and is contrary to the law.

Relator further says that he is without any adequate remedy at law.

Wherefore, your relator prays that a writ of mandamus may issue out of this court to the defendant board, and to the individual defendants, requiring it and them to hold said medical examinations as required by the law of Ohio, in the city of Cincinnati, on the 8th, 9th and 10th of June, 1909, or other date or dates reasonably near thereto, or to show cause to this court at a date to be fixed for refusing to do so.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

Section 30 of the act "To revise and consolidate the laws relating to the powers and duties * * * of the state board of medical registration and examination" (99 O. L., 492) provides as follows:

"The examinations of applicants for certificates to practice medicine or surgery shall be conducted in the cities of Cincinnati, Cleveland, Columbus and Toledo, under rules prescribed by the state medical board."

This provision needs no construction to determine that it is the duty of such board to cause an examination to be conducted in the city of Cincinnati as well as in Columbus; but the act is entirely silent as to when it shall be done, and hence a reasonable time will be implied, which must in the first instance be determined by the board from all the circumstances of the case. *State v. Board of Education*, 76 O. S., 297.

It may be assumed that Section 30 of the act was intended to accommodate students of medicine completing the course of in-

struction in or about the respective cities named—not a particular class, but the student body of each city and vicinity. There is no allegation in the petition when the current school year ends at the Ohio Medical College of the University of Cincinnati, or at any other college if there be such in or near the city. Nor is the pleader aided by the averment of the conclusion that the relator and others in the same institution with him would be required to present themselves for examination "long after the close of their medical college course."

The welfare of the majority is superior to that of a minority, and there is no allegation in the petition that all or a majority of the Cincinnati students are demanding or would be benefited by an examination on June 8th, 9th and 10th or near thereto. How then can we say that the board has abused the discretion vested in it and grant relief, when the rule of law justifying interference by the courts requires that such abuse be clearly shown? *Board of Education* v. *State*, 80 O. S., ——.

It may be that a majority of such applicants may prefer to and will attend the examination at Columbus on the days named, and while this result would not relieve the board from holding an examination in Cincinnati, it would have much weight in determining whether the board had abused its discretion in declining to hold it on or about June 8th, 9th and 10th.

We are constrained to hold therefore that the allegations of the petition fail to show a clear abuse of discretion and do sustain the motion to quash the alternative writ.